```
                                        ┌─────────────────────────┐
                                        │ ✓ FILED      ___ LODGED │
                                        │ ___ RECEIVED ___ COPY   │
                                        │                         │
                                        │      OCT 0 9 2007       │
John B Widener                          │                         │
1670 N Road 1 E                         │ CLERK U S DISTRICT COURT│
Chino Valley, AZ 86323                  │  DISTRICT OF ARIZONA    │
928-636-0029                            │ BY_____ DEPUTY│
                                        └─────────────────────────┘
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Georgia L. Widener and John B. Widener ) | CV '07 1935 PHX MEA |
| Plaintiff ) | CASE NO: |
| ) | |
| vs. ) | COMPLAINT |
| ) | JURY TRIAL DEMAND |
| Client Services, Inc., Seidberg Law Offices, P.C., ) | |
| and John and Jane Does 1 – 10 ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

### PRELIMINARY STATEMENT AND INTRODUCTION

1. This petition is an action for statutory and actual damages brought by individual consumers Georgia L. Widener and John B. Widener ("Plaintiffs") against Client Services, Inc., Seidberg Law Offices, P.C., and John and Jane Does 1 – 10 ("Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et. seq.* ("FDCPA"). Plaintiff brings this action against the above named Defendants both jointly and severally based on their violations of said Act.

### PARTIES

2. The Plaintiffs, Georgia L. Widener and John B. Widener, are natural persons, and were at all times relevant hereto a resident and citizen of the State of Arizona. The Plaintiffs "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Client Services, Inc., is a corporation engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed

or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served through its registered agent, CT Corporation System at 2394 East Camelback Road, Phoenix, AZ 85016.

4. Defendant Seidberg Law Offices, P.C., is a law firm engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business at 2412 East Campbell Avenue, Phoenix, AZ 85016.

5. Defendants, John Does 1 - 10 are all natural persons, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. §1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiffs. Said Defendants and entities will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

6. Sometime prior to 2004, Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Citibank credit card in the approximate amount of $16,228.53, which was allegedly used by Plaintiffs to make personal purchases of food, clothing, and shelter-related items.

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiffs.

8. On or about October 12, 2006, Plaintiffs sent a billing error notice as that term is defined under 15 U.S.C. § 1666(a) to the original creditor, disputing the alleged debt and requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements. See Exhibit A attached hereto and incorporated as if fully stated herein.

9. On or about January 10, 2007, Defendant Client Services, Inc. (hereinafter

"CSI"), caused to be sent to Plaintiff an initial communication in an attempt to collect this alleged debt in the form of a collection letter. See Exhibit B attached hereto and incorporated as if fully stated herein.

10. In response to this collection letter, on or about January 13, 2007, Plaintiff sent a notice disputing the alleged debt and demanding verification and validation of it under 15 U.S.C. § 1692 *et seq.*, (see Exhibit C attached hereto and incorporated as if fully stated herein).

11. Both the original creditor and the Defendants failed to provide verification and validation of the alleged debt.

12. On or about February 22, 2007, Defendant Seidberg Law Offices, P.C., (hereinafter "SLOPC"), caused to be sent to Plaintiff an initial communication in an attempt to collect this alleged debt in the form of a collection letter. See Exhibit D attached hereto and incorporated as if fully stated herein.

13. In response to this collection letter, on or about February 26, 2007 Plaintiff sent a notice disputing the alleged debt and demanding verification and validation of it under 15 U.S.C. § 1692 *et seq.*, (see Exhibit E attached hereto and incorporated as if fully stated herein).

14. Defendants failed to provide verification and validation of the alleged debt.

15. Despite having disputed this debt in writing to the Defendants previously and Defendants failing to provide verification and validation of the debt, Defendants subsequently filed a civil complaint in the name of an alleged creditor on or about April 9, 2007 seeking full payment in the amount of $17,113.77. See Exhibit F attached hereto and incorporated as if fully stated herein.

16. Defendants knew or should have known that their alleged client is unable to achieve standing, unable to produce competent evidence to support a claim, and unable to produce a written agreement with a bona fide signature of the Plaintiff.

17. Defendant's actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical

3

pain, embarrassment, humiliation which Plaintiff will in the future continue to suffer the same.

## SUMMARY

18. The conduct of Defendants harassing Plaintiff in an effort to collect the alleged debt, constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(2), 1692d, 1692d(2), 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692g(b) amongst others, as well as an invasion of his privacy by an intrusion upon Plaintiff's seclusion.

## CAUSES OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

19. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 - 18 above as if fully stated herein.
20. Defendants attempted to collect a consumer debt allegedly owed by Plaintiffs and the obligation required Plaintiffs to pay money arising out of transactions for personal, family, and household purposes.
21. The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, knowingly, and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiffs.
22. As The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
23. a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, Civil liability [Section 813 of Pub. Law].

## PRAYER FOR RELIEF

24. Plaintiffs repeats, re-alleges and incorporates by reference each paragraph 1- 18 above as if fully stated herein.
25. There exists a dispute over whether Defendants have violated the FDCPA.
26. Plaintiffs are entitled to a determination that Defendants violated the FDCPA.
27. As a result of Defendants actions, omissions, and violations, Plaintiffs are entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.
28. Defendant's actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiffs to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future continue to suffer the same.

## JURY DEMAND

29. Plaintiffs are entitled to and hereby demand that this cause be tried by a jury. U.S. Const. Amend. 7. Fed. R. Civ. Pro. 38.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against each and every Defendant by this Court for the following:

1. Award Plaintiff actual damages.
2. Award Plaintiff punitive damages.
3. Award Plaintiff state and federal statutory damages.
4. Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial.
5. Award Plaintiff reasonable attorney's fees and costs of this litigation.
6. Grant such other and further relief as this Honorable Court deems just and proper.

Dated: October 5, 2007

Respectfully submitted,

*[signature]*

John B. Widener
1670 N Road 1 E
Chino Valley, AZ 86323

## VERIFICATION

I, John B. Widener hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

*[signature]*

John B. Widener
1670 N Road 1 E
Chino Valley, AZ 86323

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY TRIAL DEMAND and supporting documents and instruments were served to the clerk of the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA and upon each of the parties or, when represented, upon their attorney of record, by fax, by personal delivery, or by depositing such copy enclosed in a postpaid envelope in an official depository under the exclusive care and custody of the United States Postal Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

Client Services, Inc.
    c/o CT Corporation System, Registered Agent
    2394 East Camelback Road
    Phoenix, AZ 85016

Seidberg Law Offices, P.C.
2412 East Campbell Avenue
Phoenix, AZ 85016

I further affirm that the foregoing statements made by me are true to the best of my knowledge and belief and that if any are willfully false, I am subject to penalty.

*[signature]*

John B. Widener
1670 N Road 1E
Chino Valley, AZ 86323



**CERTIFIED MAIL RECEIPT # 7006 0100 0007 0197 8761**

AT & T Universal Card
PO Box 44167
Jacksonville, FL 32231-4167

October 12, 2006

RE  NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF PERFORMANCE – JOHN B. WIDENER, ACCOUNT # 5491 1303 2661 4385

Dear Sir/Madame:

I recently received your recent unsigned communication. Please regard this letter as a formal written Notice and Demand to AT&T Universal Card for validation and adequate assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this matter, and I am of the opinion that AT&T Universal Card may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged original agreement, including the nature and extent of any finance charges assessed on the above account. In addition, I have reason to believe that your company has failed to properly credit me for all revenues received by you related to this account. In the event that the application or other evidence of this account was monetized, securitized and/or sold, please provide me with certified copies of all underlying documentation regarding said transactions.

This Notice and Demand should not be perceived as a refusal to pay any valid debt. However, I have questions regarding the validity of the debt you are alleging in the attached billing statement, and in order to determine the validity of your presentment, and continue payment on the above-listed account, I will require certain information to confirm your claim in this matter. To that end, please forward the attached affidavit to the appropriate person in your organization for review and execution. Upon receipt of the signed, sworn affidavit, I will arrange for payments to resume on the above noted account. In the event that you are unable or unwilling to provide me adequate assurance of performance on this account, please send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all communications, acts or omissions may be used in litigation, including the filing of grievances and the initiation of investigations at the Federal Trade Commission and other government bodies regarding your non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and other state and federal consumer protection laws. Your failure to respond to this Notice and Demand within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed account, and will act as a confirmation that no further action will be taken on your part with respect to the subject account. Please also take notice that during the pendency of this dispute, no further payments will be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of the collection of a debt.

Respectfully,

JOHN B WIDENER



# AFFIDAVIT

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged AT&T Universal Card account # 5491 1303 2661 4385 (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged AT&T Universal Card promissory note/credit card agreement.

I hereby give assurance that the original creditor and financial institution involved with the alleged extension of credit or loan to the alleged customer JOHN B WIDENER (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by AT&T Universal Card' Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of _____ that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.


_____
Signature of Affiant


STATE OF _____  )
                      )   JURAT
COUNTY OF _____  )


Subscribed and sworn to before me a notary public this \_\_\_ of _____ 2006.


_____
Signature of Notary

DOC 2

**CLIENT SERVICES, INC.**
3451 HARRY TRUMAN BLVD
ST CHARLES, MO  63301-4047
636-947-2321 or 800-521-3236

1/13/07

**MAILING ADDRESS:**
CLIENT SERVICES,INC./CITICARDS
P.O. BOX 1503
ST PETERS, MO  63376-0027

B

01/10/2007

002446**001**015***ALL FOR AADC 852
JOHN B WIDENER
1670 N ROAD 1 E
CHINO VALLEY AZ 86323-5781

**REFERENCE NO.**
6410901

RE:CITICARDS-CLASSIC MASTERCARD
BALANCE DUE:  $16,228.53

The above account has been placed with our firm for payment in full.

You may communicate with us in writing at the above address or by calling us at our toll free number, **800-521-3236**.

Sincerely,

NATE FROST

This communication is from a professional debt collection agency.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from current creditor.

CS6091104



CLIENT SERVICES, INC./CITICARDS
P.O. BOX 1503
ST. PETERS, MO 63376-0027

Jan 13, 2007

## NOTICE OF DISPUTE

**Re: CITICARDS-CLASSIC MASTERCARD**         **6410901**
**BALANCE DUE: $16,228.53**

Dear Sir/Madame:

    I am in receipt of your letter demanding payment on the above referenced account.

    I dispute this debt and refuse to pay it.

Respectfully,

JOHN B. WIDENER

**SEIDBERG LAW OFFICES, P.C.**

Kenneth W. Seidberg
Joseph L. Whipple

Attorneys at Law
2412 East Campbell Avenue
P.O. Box 7290
Phoenix, Arizona 85011 - 7290

Telephone: (602) 248-8117
Fax (Operations): (602) 956-5081
Fax (Legal): (602) 957-5287
In State Toll Free (800) 249-8117

E-Mail: legal@seidberglaw.com
Website: www.seidberglaw.com



February 22, 2007

John B Widener
1670 N Road 1 E
Chino Valley AZ 86323-5781

Re:    File Name: Widener
       File No.: 509294
       Client: Citibank South Dakota N.A.
       Client Acct No: 5491130326614385
       Principal Balance: $17,113.77

Dear Mr. Widener:

Please be advised that this Law Firm has been retained to collect the above-described account. This is an attempt to collect a debt by a debt collector and any further information obtained will be used for that purpose.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, we will assume the debt to be valid. If you notify us in writing within the thirty days that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and mail it to you. In the event that the name of the current creditor is different from the original creditor and you, within the thirty day period, in writing, make a request, we will provide you the name and address of the original creditor.

Please call our Office and ask to speak to my Legal Collection Assistant (LCA). This person, while not an attorney, has been employed by this Firm to assist me. My Assistant will be able to help you get answers to questions you may have and will otherwise work with you to resolve this matter. Thank you for your attention.

SEIDBERG LAW OFFICES, P.C

Joseph L. Whipple

F24

DOC 2
COPY
on mailed



SEIDBERG LAW OFFICES , P.C.
P.O. B0x 7290
Phoenix, AZ 85011-7290


February 26, 2007


## NOTICE OF DISPUTE

Re: File Name: Widener
  File No.: 509294
  Client: Citibank South Dakota N.A.
  Client Acct No: 5491130326614385
  Principal Balance: $17,113.77

Dear Sir/Madame:

　　　I am in receipt of your letter demanding payment on the above referenced account.

　　　I dispute this debt and refuse to pay it.


Respectfully,

*John B. Widener*
John B Widener

ORIGINAL FILED THIS 4/9/07
DAY OF
JEANNE HICKS
Clerk Superior Court
By _____ Deputy

F

SEIDBERG LAW OFFICES, P.C.
P.O. Box 7290
Phoenix, Arizona 85011
(602) 248-8117

Kenneth W. Seidberg, SBA #3690
Joseph L. Whipple, SBA #21391
Attorneys for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Citibank (South Dakota), N.A. ) | CAUSE NO.: CV 8007-0350 |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | |
| vs ) | |
| ) | |
| John B Widener and Georgia L Widener ) | |
| Spouse ) | |
| Defendants. ) | |

## ACCOUNT STATED

COMES NOW Plaintiff, and alleges as follows:

1. Plaintiff is a national banking association based in South Dakota, and by virtue of the same is authorized to conduct business in Arizona;

2. The subject debt arises out of credit card transactions that occurred in the above captioned County/Precinct/State and/or Defendant resides in said County/Precinct and State;

3. John B Widener, hereinafter ("Defendant") submitted to Plaintiff or its assignor(s) either a written or telephonic application for one or more credit cards;

4. Defendant accepted from Plaintiff or its assignor(s) the subject credit card(s) and governing credit card agreement(s);

5. Defendant used and/or authorized a third party to use the credit card(s) for purchases and/or cash advances and/or balance transfers, such use of the credit card(s) conferring a benefit upon Defendant and resulting in a balance in the sum of $17113.77 due and owing on the credit card(s), as set forth in the attached Exhibits;

6. To the extent the Defendant was married when the purchases and/or cash advances

F

and/or balance transfers were made, Plaintiff alleges the debt to be both community and separate in nature, the non-debtor spouse being joined as a necessary party in accordance with Arizona law in the event the debt is solely pre-marital in nature.

7. The use of the credit card(s) constituted Defendant's agreement to be bound by the terms and conditions of the governing credit card agreement(s), to include, among other things, a commitment to make timely monthly payments in accordance with monthly statements associated with the credit card(s), the same having been mailed to Defendant every month from the inception of the credit card account(s);

8. Plaintiff tendered valuable consideration for all purchases and/or cash advances and/or balance transfer incurred on the credit card(s);

9. Defendant failed to make payments toward the credit card(s) in accordance with the governing credit card agreement(s) and monthly credit card statements that were mailed to Defendant;

10. Plaintiff has made all demands and taken all actions necessary to mature and/or accelerate the debt described herein, and such amount remains due and owing;

11. Pursuant to A.R.S. 44-1201, Plaintiff is entitled to 10.00% statutory interest after Judgment;

12. Pursuant to terms and conditions of the governing credit card agreement(s), Plaintiff is entitled to recover reasonable attorney's fees;

WHEREFORE, Plaintiff prays for Judgment against Defendant(s), both separately and as a community, if applicable, and each of them, for the amount stated above, plus interest, costs and such other relief as the Court deems just and proper.

DATED this 2 day of April 2007.

SEIDBERG LAW OFFICES, P.C.
By: _____
Joseph L. Whipple, SBA #21391
Kenneth W. Seidberg, SBA #3690